UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01738-DOC-ADS | Date: November 6, 2024 |

Title: Brian M. Baldwin v. Aliso Ridge Behavioral Health, LLC et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND AND REMANDING CASE**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 17) brought by Plaintiff on September 6, 2024. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Orange.

**I.      Background**

   **A.      Facts**

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1). Plaintiff, Brian M. Baldwin, is a resident of California who has worked for Defendant, Aliso Ridge Behavioral Health, LLC ("Defendant"), from around November 2021 to present. *Id*. ¶ 2. Plaintiff was employed by Defendant as a non-exempt employee, where his duties included "monitoring patients" and assisting nurses and patients. *Id*. Defendant is a California limited liability company that does business in California. *Id*. ¶ 3. Plaintiff also includes DOES 1 through 100 as Defendants by fictitious names because they claim their names are unknown to Plaintiff at the time of filing the Complaint. *Id*. ¶ 4. Defendant employed Plaintiff and other employees in the State of California. *Id*. ¶ 3.

| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

| Case No. 8:24-cv-01738-DOC-ADS | Date: November 6, 2024 |
|---|---|

Page 2

Plaintiff brings this class action on behalf of himself, and all other current and former non-exempt California employees employed by or formerly employed by Defendant. *Id.* ¶ 1.

Plaintiff alleges that Defendant engaged in illegal wage, meal, and rest period practices. *See generally Id*. Plaintiff asserts the following causes of action:

(1) Failure to Pay Overtime Wages.
(2) Failure to Pay Minimum Wages.
(3) Failure to Provide Meal Periods.
(4) Failure to Provide Rest Periods.
(5) Waiting Time Penalties.
(6) Wage Statement Violations.
(7) Failure to Timely Pay Wages.
(8) Failure to Indemnify.
(9) Violation of Labor Code § 227.3.
(10) Unfair Competition.

*See generally* Compl.

### B.     Procedural History

Plaintiff filed their Complaint against Defendants in Orange County Superior Court on June 17, 2024. ("Compl.") (Dkt. 1). On August 8, 2024, Defendant removed the case to federal court under the Class Action Fairness Act ("CAFA") (Dkt. 1). The present Motion was filed by Plaintiff to remand back to state court on September 6, 2024 (Dkt. 17). Defendants filed their Opposition to the Motion to Remand on September 16, 2024 ("Opp'n.") (Dkt. 21). Plaintiff filed evidentiary objections to the Notice of Removal on September 9, 2024 (Dkt. 18), to which Defendants filed their Reply on September 16, 2024 ("Reply to Plaintiff's Evidentiary Objections") (Dkt. 22). Plaintiff then filed their Reply in support of their Motion to Remand on September 23, 2024 ("Reply") (Dkt. 25).

## II.     Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The

| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

| Case No. 8:24-cv-01738-DOC-ADS | Date: November 6, 2024 |
|---|---|

Page 3

party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

Pursuant to the Class Action Fairness Act ("CAFA"), federal diversity jurisdiction is established in an action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d).

In cases where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996) (finding that defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the federal jurisdictional threshold). To meet this burden, the removing party must provide "underlying facts supporting its assertion" that the amount in controversy exceeds the statutory requirement. *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Gaus,* 980 F.2d at 567). Such underlying facts may be found in affidavits, declarations, and other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal ...." *Id.* at 1205. The Supreme Court has stated that a defendant can establish the amount in controversy "by an unchallenged, plausible assertion of the amount in its notice of removal." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197-98 (2015). But if the defendant's assertions of the amount in controversy are challenged by plaintiffs, then "both sides submit proof and the court then decides where the preponderance lies." *Id.* at 1198.

The amount in controversy alleged by defendants is "normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 99 (9th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81 (2014)). When a plaintiff

contests the amount in controversy alleged by the defendant, "'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id*. (citing *Dart Cherokee*, 574 U.S. at 88).

This court decides if the plaintiffs are mounting a facial or factual attack because that determines where the burden of proof lies. A facial attack is when the plaintiff accepts the defendant's allegations but says they are not enough to invoke federal jurisdiction. *Anderson v. Starbucks Coro.,* 556 F. Supp. 3d 1132, 1136 (2020). A factual attack is when the plaintiff "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Id.* A facial attack challenges the form not the substance of defendant's removal allegations. *Id*.

### III. Discussion

#### A. CAFA Minimal Diversity

CAFA grants federal jurisdiction over "'class action[s]' in which the matter in controversy exceeds $5,000,000 and at least one class member is a citizen of a State different from the defendant." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019) (citing § 1332(d)(2)(A)). CAFA *only* requires minimal diversity where "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014) (citing § 1332(d)(2)(A)). When removing a case under CAFA, the burden of proving minimal diversity falls on the removing party. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019) (citing *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). Minimal diversity allegations may be based on "information and belief" but the pleading "need not contain evidentiary submissions." *Id*. (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)).

Here, it is disputed whether Defendant can establish the existence of minimal diversity to maintain CAFA federal jurisdiction. *See generally* Mot. Defendant is a California limited liability company and Plaintiff claims that this renders Defendant a citizen of California, thus destroying minimal diversity. Mot. at 5-7. Defendant argues that Defendant is a citizen of Michigan since the sole member, Signature Healthcare Services, LLC, is a Michigan limited liability company. Opp'n. at 7. The sole member of the Michigan limited liability company is Dr. Soon K. Kim who is domiciled in

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01738-DOC-ADS                                     Date: November 6, 2024

Page 5

Michigan. *Id*. Defendants contend that this renders them minimally diverse from Plaintiff. *Id*.

Though not directly addressed by the Ninth Circuit, under § 1332 (d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws its organized." 28 U.S.C.S. § 1332 (d)(10). This determination of citizenship "departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members.'" *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citing *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004)); *see also Carden v. Arkoma Assoc.*, 494 U.S. 185, 196-97 (1990). The Ninth Circuit has explained generally that LLCs resemble partnerships. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In *Davis v. HSBC Bank Nev., N.A.*, the concurrence explained, "a company is a 'citizen' of at most two states, the state of incorporation for corporations or *state of organization for unincorporated associations*, and the state where it has its 'principal place of business.'" 557 F.3d 1026, 1032 (9th Cir. 2009) (Kleinfeld, J., concurring) (applying § 1332 (d)(10)). Based upon the Ninth Circuit's explanations in *Abrego* and *Davis*, it is likely the Ninth Circuit would consider an LLC, like Defendant, as an unincorporated association under § 1332 (d)(10). *See Abrego*, 443 F.3d 676; *see also Johnson*, 437 F.3d 894.

The burden to prove minimal diversity rests with the Defendant since they have sought removal of this action to federal court. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019) (citing *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). The pleading need not contain evidentiary submissions to prove minimal diversity exists, however, it is the Defendant's burden to establish it is minimally diverse from Plaintiff. *Id*. However, in order to determine whether Defendant is minimally diverse, the Court must analyze where their principal place of business exists and the State laws under which the Defendant is organized. 28 U.S.C.S. § 1332 (d)(10). The "nerve center test" is applied to determine a corporation's principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). The principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activity." *Hertz*, 559 U.S. at 92. It is the place where the corporation "maintains its headquarters," and is not simply where the corporation holds its board meetings. *Id*. at 93. The Defendant's Notice of Removal offers little explanation as to how the Aliso Ridge Behavioral Health, LLC, is

run and where the nerve center is located. All that is offered is that Signature Healthcare Services, LLC, is the sole member of Aliso Ridge Behavioral Health, LLC, and that Dr. Soon K. Kim is the sole member of Signature Healthcare Services, LLC. Notice of Removal at 4-5. In fact, the only proof offered that even attempts to explain how these entities operate has been offered by the Plaintiff. Mot.; *see* Dec. of Lim, Exs. A-J. The Court has not been provided sufficient information to determine where Aliso Ridge Behavioral Health, LLC's, nerve center is located.

Thus, Defendant has failed to meet their burden in establishing minimal diversity under CAFA.

### IV. Disposition

Accordingly, the Court **GRANTS** the Motion to Remand.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11     Initials of Deputy Clerk: kdu

CIVIL-GEN